JONES, Chief Judge,
delivered the opinion of the court:
Plaintiff, a preference eligible within the meaning of the Veterans’ Preference Act of 1944, as amended, 5 U. S. C. § 851, et seq., sues to recover wages which he alleges are due him as a result of his unlawful removal from his position as a clerk in the City Post Office of the District of Columbia. Both parties move for summary judgment.
There is no dispute as to the facts involved in this case. Prior to November 22,1952, plaintiff was employed as a clerk in the Post Office Department, Bureau of Post Office Operations, Washington, D. C. On July 7, 1952, the Postmaster for the District of Columbia notified plaintiff by letter that in view of his unsatisfactory scheme examination record, disciplinary action would be necessary unless immediate improvement was shown. On September 18, 1952, plaintiff was given an unsatisfactory efficiency rating effective September 15, 1952. The reasons given for this action were plaintiff’s unsatisfactory scheme examination record, his absences from duty without permission, and his failure to comply with instructions.
By letter dated October 16, 1952, the Postmaster charged the plaintiff with “unsatisfactory scheme examinations” and “unsatisfactory attendance.” Details of each charge were set forth and plaintiff was informed of his right to answer the charges “personally and in writing.” In a letter to the Postmaster dated October 21, 1952, plaintiff, in effect, admitted the charges against him and set forth certain extenuating circumstances stemming from financial and marital difficulties. He concluded his letter with a request to see the Postmaster personally so that he could explain his case *346 more fully. Subsequently, in a letter to the Postmaster dated November 20, 1952, plaintiff stated that he had attempted to see the Postmaster personally but had “been blocked at every attempt.” This letter set out in detail the marital and financial difficulties of the plaintiff and requested that he be given “another chance.”
On October 29, 1952, the Postmaster forwarded a copy of the letter of charges, dated October 21, 1952, to the Assistant Postmaster General with a request that authority be issued for plaintiff’s removal. The Postmaster’s accompanying letter set forth additional irregularities in plaintiff’s performance which did not appear in the letter of charges served on plaintiff.
On November 6, 1952, the Assistant Postmaster General notified the plaintiff that his removal from the position of Clerk had been authorized effective November 22,1952. This letter made reference to the charges preferred against plaintiff for unsatisfactory scheme examination and unsatisfactory attendance. On November 7, 1952, the Postmaster notified plaintiff of his removal which was to become effective at the close of business on November 22,1952. The Postmaster’s letter stated that this action was being taken after the Post Office Department had given careful consideration to the charges preferred against the plaintiff for unsatisfactory scheme examination and unsatisfactory attendance.
Thereafter, plaintiff appealed his removal to the Fourth United States Civil Service Region of the United States Civil Service Commission. He submitted an affidavit and on January 26, 1953, a de novo hearing was held. Plaintiff was represented by counsel and did not testify in his own behalf. On February 19,1953, the Fourth Region rendered an opinion upholding plaintiff’s removal.
Plaintiff then appealed to the Board of Appeals and Review of the Civil Service Commission, and on October 30, 1953, that Board sustained the decision of the Fourth Region. Plaintiff next appealed to the Commissioners of the Civil Service Commission and by letter dated May 25, 1954, the Commissioners upheld plaintiff’s dismissal by the Post Office Department.
*347 On August 6, 1954, plaintiff filed a complaint in the District Court for the District of Columbia (Civil No. 3380-54) seeking a declaratory judgment that his removal was not in accordance with law, and praying for reinstatement. On cross-motions for summary judgment, the District Court held that plaintiff was not entitled to reinstatement, and on November 23, 1955, the Court of Appeals for the District of Columbia affirmed the action of the district court in Washington v. Summerfield (No. 12,644, decided November 23, 1955), 228 F. 2d 452.
Plaintiff does not allege that the administrative action taken in the present case was arbitrary or capricious or so clearly erroneous as to impute bad faith. Pie contends merely that certain procedural rights given him by the Veterans’ Preference Act were denied him by the Post Office Department. In this situation we are not authorized to consider the merits of plaintiff’s case but merely whether or not his procedural rights have been violated. Eberlein v. United States, 257 U. S. 82; Engelhardt v. United States, 125 C. Cls. 603; O'Brien v. United States, 124 C. Cls. 655.
Plaintiff takes the position that the Post Office Department, in removing him from his position as clerk, denied him two of his procedural rights under section 14 of the Veterans’ Preference Act. First, he alleges that he was denied his right to be heard in person by the Postmaster, and, second, he alleges that his removal was based upon charges other than those communicated to him in the letter of charges dated October 16,1952.
The defendant denies that plaintiff’s rights were violated in any way.
Section 14 of the Veterans’ Preference Act of 1944, 5 U. S. C. § 863, provides as follows:
No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, herein-before referred to shall be discharged, suspended for more than thirty da,ys, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person * * * shall have at least thirty days’ *348 advance written notice * * •* stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: Provided, That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative, * * *.
We shall first consider plaintiff’s allegation that his removal was based upon charges other than those communicated to him in the letter of charges, dated October 16, 1952. The basis for this allegation is the fact that on October 29, 1952, when the Postmaster forwarded a copy of the letter of charges to the Assistant Postmaster General, the accompanying letter set forth additional irregularities in plaintiff’s conduct which were not contained in the letter of charges.
A careful examination of the record has failed to reveal that plaintiff’s removal was based upon any charges other than the two specific ones set out in detail in the Postmaster’s letter of charges to plaintiff. When the Assistant Postmaster General notified plaintiff that his removal had been authorized, the letter of notification referred only to these two specific charges. This was also true of the Postmaster’s letter notifying plaintiff of the effective date of his removal. The case was subsequently heard de novo by the Fourth Region of the Civil Service Commission and in its opinion the Fourth Region made it absolutely clear that it was concerned only with the two specific charges preferred against the plaintiff in the letter of charges.
There is nothing in the record to indicate that the additional irregularities referred to by the Postmaster in his *349 letter of October 29,1952, were ever considered by anyone in connection with plaintiff’s removal. The mere fact that these additional irregularities were mentioned in the letter is insufficient to support the conclusion that plaintiff’s removal was based in part upon such irregularities. In the light of the record we must conclude that there is no merit in plaintiff’s contention that his removal was based in part upon charges not communicated to him.
Plaintiff’s other contention, i. e., that he was denied his procedural right under the Veterans’ Preference Act to be heard in person in the agency of his employment, presents a more difficult problem. Plaintiff bases this contention upon that portion of section 14 of the act which provides as follows:
* * * such preference eligible shall be allowed a reasonable time for answering the same [the charges preferred against him] personally and in writing. (Emphasis added.)
The defendant takes the position that the section does not give plaintiff the right to appear personally at the agency level to answer the charges but merely gives him the right to answer, the charges in writing. We can not accept this interpretation.
The phrase “personally and in writing” is clear and unambiguous. It means exactly what it says. A veteran who has been charged with certain offenses and given notice that he is to be discharged from his position is given a reasonable time within which to answer the charges personally if he so chooses, or in writing, or both. We can find nothing in the Veterans’ Preference Act or in the legislative history of that act which causes us to believe that Congress intended anything other than what it plainly said, and this court has previously indicated that a veteran is given the right to answer the charges against him in person at the agency level. Wittner v. United States, 110 C. Cls. 231.
Defendant further contends that even if the plaintiff was entitled to a personal hearing at the agency level, this right was waived since he, in effect, admitted the charges against him. While it is true that the plaintiff did not deny his guilt in his letter to the Postmaster dated October 21, 1952, he ended the letter with the following statement:
*350 If yon will give me an opportunity to come in to see yon personally, I am certain that I can explain my case more fully.
We believe that this language constituted a definite request by plaintiff for a personal hearing.
To “answer” to charges, or claims, one need not necessarily plead the general issue, denying that he did the things which he is alleged to have done. He may plead in confession and avoidance, and that is an answer, in law, and in life. In employment relations particularly, mitigating circumstances, often of a highly personal nature, may save a job for a person who, but for these circumstances, would and should be discharged. Whether, if the plaintiff had been permitted to make this kind of a personal appeal to his superior, it would have saved his job, we do not know. But when Congress gave to the veteran the right to appear personally, it must have intended to give him the chance of succeeding in such an appeal. The naked facts, without the personal appeal, could be just as well stated in writing. And Congress knew, as we all know, that bureaucratic superiors, like other human beings, are susceptible to the effects of personal appeals.
The procedural rights of a veteran under section 14 are clear and simple. In the present case one of those rights was denied. The plaintiff was denied his right to answer the charges against him in person at the agency level. The fact that he was subsequently given a de novo hearing at a higher level does not cure this procedural defect. Since the agency did not follow the procedure laid down by Congress plaintiff’s discharge was unlawful.
Defendant’s motion for summary judgment is denied and plaintiff’s motion for summary judgment is granted. Plaintiff is entitled to recover and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c).
It is so ordered.
Laramore, Judge; MaddeN, Judge; Whitaker, Judge; and LittletoN, Judge, concur.