JoNEs, Chief Judge,
delivered the opinion of the court:
Plaintiff, a veteran,[1] sues for loss of pay due to an alleged wrongful discharge on September 24, 1952, from a position as a clerk-typist in the Naval Gun Factory.
The facts as disclosed by the pleadings and attached affidavits, briefly stated, are as follows:
The plaintiff was employed as a clerk-typist in the payroll division of the Naval Gun Factory on January 7,1952. On September 24,1952, plaintiff was removed from his position as clerk-typist, CAF-3, for falsification of Government records in his application, Form 57, which was executed December 12,1951, on the basis of which the position was secured. An additional ground was the plaintiff’s unsuitability. The appointment had been made subject to investigation by the Civil Service Commission.
In the application for his position, the plaintiff denied an arrest record subsequent to his sixteenth birthday, and also denied that he had been discharged or forced to resign from any position for misconduct or unsatisfactory service. Investigation revealed that he was arrested on July 29,1946, for disorderly conduct for which he forfeited $5. It also was disclosed that his resignation on June 1, 1950, from the *49 Immigration and Naturalization Service, Department of Justice, was accepted after charges had been preferred against him. The investigation, according to the Eegional Director of the Civil Service Commission, revealed evidence of immoral conduct on the part of the plaintiff.
When plaintiff was interviewed he admitted that he was forced to resign and that he had been guilty of immoral conduct, but he denied that he had ever been arrested.
After his dismissal on September 24, 1952, plaintiff appealed to the Eegional Office of the Civil Service Commission which, on March 5, 1953, after a hearing, affirmed the action taken by the employing office. Plaintiff appealed to the Board of Appeals and Eeview, and his attorney requested leave to make an oral argument. This request was denied, and on June 3, 1953, the Board of Appeals and Eeview affirmed the action of the Eegional Office. Plaintiff asserts that he was “illegally removed without cause which would promote the efficiency of the Classified Civil Service of the United States.” He also asserts that the Board of Appeals and Eeview of the Civil Service Commission acted arbitrarily in refusing the plaintiff a personal hearing.
The defendant pleads (1) the 6-year statute of limitations, (2) laches, and (3) that all the plaintiff’s procedural rights were complied with and that the discharge was proper.
The primary ground upon which plaintiff seeks recovery is that the Board of Appeals and Eeview of the Civil Service Commission acted arbitrarily and capriciously in not granting plaintiff an oral hearing under the circumstances of the case. The plaintiff relies on this court’s decision in Washington v. United States, 137 Ct. Cl. 344 (1957). In that case the plaintiff had requested an opportunity to answer personally the charges preferred against him at the agency level. This had not been accorded him. The court held in that case that this action deprived Washington of procedural rights granted him by section 14 of the Veterans’ Preference Act, which provides that
* * * such preference eligible shall be allowed a reasonable time for answering the same [the charges preferred against him] personally and in writing. [Emphasis supplied.]
*50 In the Washington case, the plaintiff had requested the privilege of answering personally and in writing at the agency level in accordance with the plain wording of the statute. In the instant case plaintiff made no request for an opportunity to answer the charges personally at the agency level and does not complain about the procedures at that level. He was granted a hearing by the Eegional Director of the Civil Service Commission and was personally interviewed. The plaintiff does not complain of any of the procedures before the Eegional Office of the Civil Service Commission. His only complaint about procedure is that he was denied a personal hearing by the Board of Appeals and Eeview. He insists that such denial was arbitrary.
We do not believe that the action taken in the Washington case was broad enough to cover a case of this kind. The plaintiff undoubtedly would have been entitled to answer personally at the agency level. There is a reason for such a personal interview to be had before action of dismissal is taken. Frequently a personal interview before the employing authorities and before action of dismissal is taken can be effective. When all the facts and circumstances are disclosed in a personal interview before the agency official at the operating level, an act that appears serious in a written charge might be greatly softened, and in some instances explained completely away. The plaintiff under the plain wording of the statute might have had this opportunity which he did not seek., He sought and was given the opportunity before the Eegional Office of the Civil Service Commission.
The chairman of the Board of Appeals and Eeview of the Civil Service Commission in a letter dated June 3, 1953, addressed to Mr. Melvin M. Feldman, who at that time was attorney for plaintiff, stated that the Commission had made a careful study of all the facts in the case and had reviewed the decision of the Fourth Eegional Office relative to plaintiff’s suitability for Federal employment. He disclosed that plaintiff had admitted during the special hearing making a false statement about a material question in the Civil Service application, and that the plaintiff’s explanation had been *51 carefully reviewed. Mr. Feldman also was advised that during the hearing of April 2, 1952, the plaintiff admitted he was guilty of numerous and continued instances of immoral conduct. In the light of these admissions and the fact that the Regional Office of the Civil Service Commission had given him the privilege of a personal hearing and interview, the Board of Appeals and Review concluded that another hearing would not serve any useful purpose.
It is manifest that plaintiff’s complaints have been fully considered and have been passed upon by authorized authorities in several different steps.
In the light of all the facts disclosed, we can find no reason for holding that the Board of Appeals and Review of the Civil Service Commission acted arbitrarily. We do not feel that any of plaintiff’s substantial procedural rights have been denied him.
In Wittner v. United States, 110 Ct. Cl. 231, 235, this court held that
We are not authorized to determine whether a particular veteran should be employed. That is the province of the appropriate agency. Nor are we concerned with whether an employee should be discharged. That is properly in the hands of the affected department. Once a veteran is employed, however, we are concerned with seeing that even a proper discharge is accomplished in the manner provided by law, and that, in discharging him, the agency follows the procedure laid down by the Congress. Otherwise, the discharge is ineffective.
Similar language has been used in the disposition of numerous cases of the same character. The facts of record show that plaintiff has not been denied the procedural safeguards provided in the Veterans’ Preference Act.
The Lloyd-La Follette Act is also adverted to by plaintiff, but since his appointment was by its terms conditioned upon Civil Service investigation that act would not apply to the facts in this case. In any event, that particular act does not require that opportunity be given to answer charges personally.
There are two other differences that merit serious consideration : the statute of limitations and the question of laches. *52 On. the question of laches, plaintiff waited almost 6 years after his appeal was finally denied by the Civil Service Commission before filing suit in this case. This seems to be contrary to the rule announced by the Supreme Court of the United States in United States ex rel. Arant v. Lane, 249 U.S. 367, 372. Certainly there can be no just ground for allowing payment of full salary after a claimant has had a reasonable time within which to pursue any legal remedy which he may have, but has failed to act. The work of the Government must go on, and to permit full payment in a case of salary of a complainant, when the Government during the same period has been paying someone else to do the work, would seem to lack some of the essential elements of a fair result.
As indicated in the Supreme Court decision above mentioned, considerations of public policy make it important that prompt action should be taken in the assertion of any rights which a complainant may have. It would seem fair when there has been unnecessary delay, even though insufficient in the circumstances of a particular case to justify a complete denial on the ground of laches, that the plaintiff should not be allowed to recover salary for any part of the unnecessary delay. Of course, if the delay is unreasonable and inexcusable it should be a complete bar.
However, in view of our conclusion that the plaintiff’s procedural rights have not been denied, it is not necessary to pass on the questions of limitations or laches in this case.
The defendant’s motion for summary judgment will be granted. The plaintiff’s motion for summary judgment will be denied, and the petition will be dismissed.
It is so ordered.
LittletoN, Judge {Bet.); MaddeN, Judge; and Whitaker, Judge, concur.
LaramoRe, Judge, concurs in the result.

 Plaintiff was inducted into the United States Navy as an apprentice seaman on September 28,1944, and was honorably discharged as a seaman, second class, on March 2, 1945.