Jesse E. **TAYLOR**, Appellant,

v.

**UNITED STATES CIVIL SERVICE COM-
MISSION et al., Appellees.**

**No. 20968.**

United States Court of Appeals
Ninth Circuit.

March 9, 1967.

Burton Marks, Beverly Hills, Cal., for appellant.

Barefoot Sanders, Asst. Atty. Gen., Morton Hollander, Chief, Appellate Section, Alan S. Rosenthal, Robert E. Kopp, Attys., Civil Div., Dept. of Justice, Washington, D. C., John K. Van de Kamp, U. S. Atty., Los Angeles, Cal., for appellees.

Before JONES, Judge of the United States Court of Claims,* and BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal from a decision of the District Court granting, upon cross-motions for summary judgment, a judgment in favor of the appellees in a suit in the nature of a mandamus brought by appellant, a dismissed Civil Service employee employed by the United States Air Force, seeking reinstatement to the position he occupied at the time of his dismissal, and for damages arising out of his alleged wrongful dismissal.

The District Court had jurisdiction of the cause based on 28 U.S.C. §§ 1361 and 1651. This Court has jurisdiction under 28 U.S.C. §§ 1291–1294.

* Marvin Jones, Senior Judge, United States Court of Claims, sitting by designation.

The removal or dismissal of the appellant, a career Civil Service employee in non-probationary status with veteran's preference is governed by Section 14 of the Veterans' Preference Act, 5 U.S.C. § 863.[1]

On June 23, 1964, a notice of dismissal was sent to the appellant informing him that it was proposed to remove him "for a major offense of misconduct." The notice stated:

"The following incidents of your misconduct, which were recently brought to the attention of the undersigned, makes your proposed removal necessary to promote the efficiency of the service and for the best interest of the Air Force. Such misconduct is not consistent with continued employment as an Air Force employee as it not only affects your reputation but has an adverse effect upon other Air Force employees and the reputation of the Air Force."

The notice specified four incidents of alleged misconduct. Two of these involved the arrest, leading to convictions, of appellant for violations of the Penal Code of the State of California. In respect to these two incidents the notice stated:

(a) On 10 July 1958 you were charged with violation of Section 647.5 of the Penal Code [2] for vagrancy-lewd, fined $100 and placed on probation.

(b) On 9 April 1961 you were arrested by the Los Angeles Police Department for violation of Section 647.5 of the Penal Code for vagrancy-lewd. You pleaded guilty to the charge and were fined $105.

The other two incidents were the alleged failure of appellant to register as a sex offender within the San Bernardino area, and an alleged solicitation by appellant of a Naval Officer for immoral purposes, at an Air Force Base, on June 4, 1964.

The appellant was informed of his right to answer the charges, and was kept on active duty at full pay for the advance notice period.

On June 27, 1964, the appellant, by affidavit, through his attorneys, replied to the charges made in the notice of removal. He alleged that the two convictions under § 647.5 of the Penal Code of California had been expunged pursuant

---

1. Such section in parts pertinent provides that:

No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, shall be discharged except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge is sought shall have at least thirty days' advance written notice stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of his answer, and shall have the right of appeal from an adverse decision of the administrative officer. Such appeal shall be in writing and shall be made within a reasonable time after the date of receiving notice of such adverse decision; Provided, that such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copy of the same to the appellant or to his designated representative, and it shall be mandatory for such administrative officer to take such action as the Commission finally recommends.

2. Section 647.5 of the Penal Code provided, at the time of appellant's conviction, in pertinent part as follows:

"§ 647. Vagrancy; definitions; punishment

" * * *

"5. Every lewd or dissolute person, or every person who loiters in or about public toilets in public parks; or
* * *

"Is a vagrant, and is punishable by a fine * * * or imprisonment * * *, or both * * *."

to the provisions of Section 1203.4 of the Penal Code of California.[3] Further appellant alleged he was not required to register as a sex offender under California law since his convictions had been expunged, and denied the charge of solicitation by appellant of the Naval officer for immoral purposes.

On July 16, 1964, the petitioner received a Notice of Final Decision—Removal from Headquarters Ballistics System Division which informed him that he was to be removed effective July 27, 1964; the findings stated that even though the convictions had been expunged under state law, the fact of misconduct could still be properly considered in assessing petitioner's fitness to continue employment; the findings also concluded that the failure to register as a sex offender had occurred during the period prior to the expunging of the convictions and thus was a violation of California law; no further mention was made of the alleged solicitation; in reviewing everything it was concluded that the removal of the petitioner was in the best interest of the Air Force and would contribute to the efficiency of the Federal Service; petitioner was informed of his right to appeal the decision through either the Air Force or the Civil Service Commission;

On July 24, 1964, the petitioner appealed this decision to the United States Civil Service Commission for the 12th District pursuant to 5 C.F.R. § 752 on the ground that the Air Force proceeded without jurisdiction and contrary to law and that its decision was not supported by the findings or the evidence; on October 16, 1964, the Civil Service Commission concluded that the removal had been based on the two arrests and convictions; it further concluded that the other two charges were not sustained by the evidence and dismissed them; the Commission decided that the arrests and convictions for offenses involving immoral conduct were sufficient by themselves to sustain the removal;

On October 19, 1964, the petitioner appealed this decision to the Board of Appeals and Review of the United States Civil Service Commission on the ground that the findings of the Commission that the petitioner had twice been found guilty of criminal charges based on immoral conduct were not supported by any evidence on the record and thus the removal was both arbitrary and capricious; on April 21, 1964, the Board of Appeals and Review sustained the decision of the Commission on the ground that the expungement of the convictions did not establish original innocence nor

3. Section 1203.4 of the Penal Code provides:

"1203.4 Discharged probationer; change of plea or vacation of verdict; dismissal of charge; release from penalties and disabilities; application; pleading prior conviction in prosecution for subsequent offenses

"Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, shall at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty; or if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and in either case the court shall thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that in any subsequent prosecution of such defendant for any other offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.

"Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess or have in his custody or control any firearm capable of being concealed upon the person or prevent his conviction under Section 12021."

give rise to any other basis for setting aside the administrative action.

Appellant's specification of errors, in essence, charged:

(a) That since the offenses committed by appellant which constituted the basis of his removal could not, as a matter of law, be considered as grounds for removal, in that said convictions had been expunged pursuant to the provisions of Section 1203.4 of the California Penal Code; and

(b) That the District Court's determination that the removal of appellant was based on reasonable and substantial evidence, and was not arbitrary or capricious, was erroneous as a matter of law.

■ Before considering appellant's contentions we should note the limited permissible scope of judicial review in this type of case. As stated in McTiernan v Gronouski, 337 F.2d 31, at page 34 (2d Cir. 1964):

"The taking of disciplinary action against government employees, including the invocation of the sanction of dismissal, is a matter of executive discretion, and is subject to judicial supervision only to the extent required to insure 'substantial compliance with the pertinent statutory procedures provided by Congress,' Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29, 32 (D.C.Cir.1959), and to guard against arbitrary or capricious action, Pelicone v. Hodges, 116 U.S.App.D.C. 32, 320 F.2d 754, 755 (1963). See also Wallace v. Day [117 U.S.App. D.C. 264], 328 F.2d 565 (D.C.Cir. 1964) (per curiam); Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386, 387, cert. denied, 375 U.S. 934, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963)."

See also Brancadora v. Federal National Mortgage Association, 344 F.2d 933 (9th Cir. 1965); and Seebach v. Cullen, 338 F.2d 663 (9th Cir. 1964), cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268.

In the instant case appellant made no claim in the District Court, and makes none in this court, of any procedural error in the record. Hence, we need only consider the case on its merits.

The real and only thrust of appellant's contentions is that the dismissal of appellant was arbitrary and capricious. This thrust, as phrased in appellant's brief is:

"that since the charges against Appellant were directed to the *fact of conviction*, rather than to any specific *acts* of misconduct, the findings by the Appeal's Examiner and the Director, which were affirmed by the court below, that 'in view of the fact that Appellant has twice been guilty of criminal charges based upon immoral conduct, the determination of the agency to effect his removal was not arbitrary, capricious or unwarranted,' is a finding of fact which is not supported by the laws of the State of California and the Regulations of the Civil Service Commission. In light of the foregoing, any legal conclusions based upon such finding are clearly erroneous."

■ We are unable to agree with appellant that the charges of misconduct on which the appellant was dismissed were predicated on his having been twice convicted of violating Penal Code § 647.5. The record discloses that the charges of misconduct upon which appellant was dismissed were predicated not on the convictions, but on the conduct of appellant which resulted in his being twice arrested and convicted of violating § 647.5. As pointed out in appellee's brief:

"The Air Force, in removing him for a 'major offense of misconduct off duty', specifically found:

Notwithstanding that your record has been purged of the convictions noted under state law, the fact of your misconduct remains a matter properly considered in your fitness for continued employment.

Similarly, the Civil Service Commission upheld the removal 'based upon misconduct demonstrated by the fact of Mr. Taylor's offenses shown com-

mitted in July 1958 and April 1961.' The 'Notice of Proposed Removal' stated that 'it is proposed to remove you * * * for a major offense of misconduct', and then listed the 'incidents of your misconduct'.

"It is thus of no consequence whether the plaintiff [appellant] is considered as having been convicted of violating California law, provided that there was a basis for concluding that the misconduct did in fact occur." [Footnote and transcript references omitted.]

That there is such basis is pointed out in In re Paoli, 49 F.Supp. 128, 130 (N.D. Calif.1943):

"The privileges provided for by the State in § 1203.4 offer an inducement to the defendant to comply faithfully with the terms of his probation and thereby reinstate himself in the eyes of society. The section provides a worthwhile reward for reformation and good behavior, and thus aids the State in the prevention of crime. *But so far as concerns the individual defendant, the act has been done, and no legal technicalities can change this fact.*" [Emphasis added].

A strong inference arises from the filed charges that the appellant engaged in immoral conduct which violated the provisions of § 647.5. Such inference remains even though the convictions of appellant on such charges are later expunged under Penal Code § 1203.4, since no showing of innocence of the charges is required in order to qualify for expungement of former convictions.

██ We agree with the District Court that the determination of the Air Force to remove appellant from his supervisory position was not arbitrary, capricious or unwarranted, and that such finding is supported by substantial evidence.

In light of the views which we have expressed, we deem it unnecessary to consider or discuss the question as to the effect, if any, of the provisions of Penal Code § 1203.4 on appellant's convictions on the filed charges.

We find no merit in appellant's contention that appellant's dismissal is contrary to the Federal Regulations promulgated by the Civil Service Commission, and particularly subchapter S1–5a(2) of the Federal Personnel Manual Supplement 752–1, effective January 14, 1964.

Affirmed.