**Donald W. DAVIS, Sr., Appellant,**

v.

**William P. BERZAK, etc., et al.,**
**Appellees.**

**No. 9928.**

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1969.

Rehearing Denied Feb. 5, 1969.

---

Donald W. Davis, Sr., pro se.

David A. Fogel, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry and Donald E. Cordova, Denver, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

Appellant Davis (a veteran preference eligible employee) was notified in writing that the Bureau of Employment Security (a Federal Agency) proposed dis-

charging him from his position as Employment Security Adviser on three grounds: (1) Refusal to accept supervision, (2) Conduct detrimental to working relationships with Supervisory Officials, and (3) Conduct detrimental to working relationships with fellow employees. The notice particularized the charges and advised him of his right to answer orally and in writing. After written answer and informal oral proceedings Davis was discharged by the Agency "[U]pon consideration of [Appellant's] replies, the materials submitted by [Appellant], and all other available evidence." The notice of dismissal accurately advised him of his various rights of appeal.

Davis chose to appeal to the Civil Service Commission and simultaneously filed a Complaint of Discrimination Based Upon Race and Color with the President's Committee on Equal Employment Opportunity.[1] The appeal to the Commission was suspended pending the discrimination proceedings. The discrimination charge was heard informally by an Employment Policy Officer and then formally by a three man board. After this 7 day formal hearing, the Board determined that discrimination played no part in Davis' discharge. He was then heard on his appeal to the Commission and the Agency's discharge was affirmed.

He exhausted his administrative remedies by filing a written appeal with the Board of Appeals and Review where the Agency action was again affirmed. He then sought judicial review in the District Court by filing this suit against William P. Berzak, Chairman, Board of Appeals and Review, and others. The claim was that "[B]oth the action of removal, and the determination of [non-discrimination], were taken with complete disregard for and in violation of the applicable procedure and laws controlling

the proceedings * * *" After oral argument the District Court granted the Appellee's motion for summary judgment. Davis appeals from this judgment.[2]

■ As the claim impliedly recognizes, the scope of our inquiry into challenged administrative decisions discharging a federal employee is limited to a determination whether the proceedings resulting in the discharge were conducted in accordance with the applicable statutes and regulations.[3] Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1965). We will assume, for purposes of our inquiry, that these statutes and regulations were designed to and did provide all essential administrative due process which we are told is not necessarily judicial due process. See Garvey v. Freeman, 397 F.2d 600, 612 (10th Cir. 1968). Implicit also in this proposition is the recognition that these statutes and regulations go beyond the minimal Constitutional safeguards which permit a governmental agency to summarily discharge an employee if it is not "patently arbitrary or discriminatory." Cafeteria and Restaurant Workers Union, etc. v. McElroy, 367 U.S. 886, 896–897, 81 S.Ct. 1743, 6 L.Ed.2d 1230, and Herak v. Kelly, 391 F.2d 216 (9th Cir. 1968). Thus it is primarily Davis' vested statutory right we are asked to vindicate.

■ Davis complains: (1) of the severity of the penalty, i. e. removal—over which we have no control; (2) that the Agency gave no warning prior to the notice of the proposed removal—which is neither statutorily nor Constitutionally required; and (3) that he was required to answer in writing at the Agency level before he answered orally—which likewise has no legal foundation in this collateral proceeding.

---

1. Pursuant to Executive Orders 10590 and 10925, 1955 U.S. Code Congressional and Administrative News, p. 1051 and 1961 U.S. Code Congressional and Administrative News, p. 1274.

2. Appellant had been offered "assistance" in answering the charges at the Agency level

and was represented by counsel during both the discrimination proceedings and the appeal to the Commission. In the District Court and here he apparently chose to appear pro se.

3. 5 U.S.C. §§ 7501, 7512, and 5 C.F.R. 752.101 et seq.

The most that can be said for Davis' case on judicial review is to the effect that certain prejudicial material contained in an investigatory report—the so-called Graham report—formed the basis for some of the pertinent charges supporting his removal; was made available to adverse witnesses before the discrimination hearing to influence their testimony; and that this material was not made available to him. This condensed material is said to permeate and taint both the initial removal proceedings and the subsequent discrimination hearing and that it operated to deprive him of the fair and open hearing contemplated by statute and violated his Constitutional right not to be discriminatorily discharged from government service. Davis, however, points to no record evidence supporting his bold charge that he was discharged for reasons of which he was not fully apprised and afforded an opportunity to completely meet. At no point does he challenge the Agency's affidavit that "the sole bas[es] on which [it] relied in proposing such adverse action" were those charges "stated in the advance notice of proposed" dismissal.[4] Nor does he point to any record evidence supporting his charge that the adverse witnesses testified from any information other than their own personal knowledge and observation.

His only complaint with Constitutional implications is his oft-repeated statement that he was hired because of his race and discharged for the same reason. This contention formed the basis for the seven day hearing before the Board duly constituted to hear and determine this very issue. In the course of the hearings the Graham report was brought to the attention of the Board and considered by it to the extent that they found the report had nothing to do with their sole responsibility to "determine whether there was discrimination based on race or color." From its review of the evidence the Board was "satisfied that racial discrimination was not a factor in the decisions [to discharge Davis]." Instead the Board found the record "replete with contemporary documentary evidence, which has been carefully considered along with the oral testimony, showing the non-racial character of Mr. Davis' difficulties."

We're convinced that the complaint is without merit on the face of the administrative record and the summary judgment was appropriate. It is affirmed.

---

4. O'Brien v. United States, 284 F.2d 692 (Ct.Cl.1960).