Ulysses S. VIGIL, Appellant,

v.

POST OFFICE DEPARTMENT OF the UNITED STATES of America
and
The United States of America, Appellees.

No. 10162.

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1969.

Rehearing Denied March 17, 1969.

---

Charles S. Vigil, Denver, Colo., for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., and John C. Eldridge, Robert E. Kopp and Judith S. Seplowitz, Attys., Dept. of Justice, Washington, D. C.) for appellees.

Before LEWIS, JONES* and HOLLOWAY, Circuit Judges.

MARVIN JONES, Senior Judge.

This is an appeal from the United States District Court for the District of Colorado, in which appellees' motion for summary judgment was granted and the action was dismissed, and a motion for new trial was overruled. Appellant is seeking reinstatement and back pay and other relief for alleged wrongful removal from a position as janitor assistant or helper in the United States Post Office Department.

Under the statutes and regulations issued pursuant thereto a Department may discharge an employee for the good of the service, but before doing so charges must be filed, notice must be given with an opportunity to answer, a hearing must be had if demanded in writing and various appeals must be allowed before discharge becomes final. After these steps have been taken the discharged employee may file suit in the United States District Court for a review to determine whether all the statutory and legal requirements have been complied with,[1] and whether the action of the Department officials was arbitrary, capricious or not supported by substantial evidence.

Before granting the motion for summary judgment and denying motion for a rehearing, the district judge went into the record thoroughly and heard statements and arguments from representatives of both sides. After reviewing the entire record he found it showed there was substantial compliance by the Post Office Department with the pertinent statutory procedures provided by the Congress to govern dismissal of employees for the good of the service. The court further found that the record failed to show that the action of the Post Office officials was arbitrary or capricious; and further that there was substantial evidence in the record to support the action of dismissal.

The facts as disclosed by the record may be summarized as follows: On June 12, 1965, appellant Ulysses S. Vigil, and a male companion were discovered by two policemen on the back seat of a parked car about 2:30 a. m. The two were arrested and charged with a violation of a Denver city ordinance forbidding any person to commit any indecent or filthy act, or to use abusive language or make any obscene gesture to any other person publicly.[2] Vigil pleaded guilty and was fined $50.

Some time later, at the instance of his supervisor, Vigil appeared before a postal inspector, on November 22, 1965, to answer questions about the facts in con-

---

* Senior Judge of the United States Court of Claims sitting by designation.

1. Section 14, Veterans' Preference Act, 5 U.S.C. § 863.

2. Revised Municipal Code of the City and County of Denver Ordinance 250, of the Series of 1950, as amended, Section 823.8.

nection with the arrest by the Denver police on June 12, 1965. The inspector reported that after he had given Vigil appropriate warning that he need not answer, and that whatever he said might be used against him, Vigil confessed, both orally and in writing, that he had engaged in homosexual conduct on June 12, 1965, and on other occasions. The results of this investigation were reported to the Post Office Department officials. Vigil claimed he had been drinking and did not realize what he was doing.

After reviewing the results of the investigation, a letter was sent by the Post Office Department on November 29, 1965, to Ulysses Vigil notifying him that the Department intended to remove him for the good of the service from the position he held, or take other adverse action against him. The letter of notice set out four charges against him, all of which dealt with asserted acts of sexual perversion.

Charge One, upon which his removal was finally based, was as follows:

> You are charged with engaging in an act of sexual perversion in that you participated in a homosexual act with another male person, one Jose A. Vigil, at about 2:45 a. m. on June 12, 1965, while parked in his privately-owned vehicle in the 1200 block of 21st Street in Denver, Colorado. As a result of participating in this act, you were arrested by two Denver, Colorado patrolmen and then tried in Denver, Colorado, Police Court on June 12, 1965, at which time, you pleaded guilty to the charge of engaging in a lewd act and were fined in the amount of $50.00.

Appellant Vigil, through his attorney and by affidavit, filed a written answer asserting that due to drunkenness he had no recollection of the occurrence, and that his confession was occasioned by his confusion and failure to understand what was going on, and his failure

to understand his constitutional rights. He was informed that after the full 30 days' notice was given in writing he would be removed, effective January 8, 1966. He was advised that he had a right to appeal in writing, and was asked if he desired a hearing.

Given a choice, he chose appeal to the Regional Branch of the Post Office Department, rather than to the Regional Branch of the Civil Service Commission. He also requested a hearing.

Accordingly a hearing, at which Vigil was represented by his attorney, was held on February 2, 1966, before a hearing examiner. The evidence at the hearing was conflicting, the appellant claiming he was drunk at the time of the arrest and did not know what he was doing. The officers who had arrested him on June 12, 1965, testified at the 1966 hearing that while appellant and his companion had been drinking, neither of them was drunk at the time of the arrest, that they could handle themselves without assistance and that both knew what was going on.

The hearing officer prepared a summary of the evidence and statements which he submitted to the director. In addition to the findings of fact, the hearing officer added his conclusion to the effect that Charge One was not sufficiently established, but that Charges Two, Three and Four were clearly established because Vigil had given names, dates, and places where the acts occurred. The recommended conclusions were not a part of the hearing officer's duties under the statutes and regulations.[3]

Upon review of the hearing officer's findings of fact, the Regional Director found that Charge One was fully sustained by the evidence. He did not sustain Charges Two, Three and Four, since there was no other supporting evidence except the appellant's written confessions as to those charges.

Appeal was then taken to the Board of Appeals and Review, which affirmed

---

3. Section 746.4(G) (5) of the Postal Manual forbids such a recommendation of conclusions by the hearing officer.

the Regional Director's decision. The Board did not consider the other three charges.

■ Ordinarily the scope of judicial review of the action of the department in discharging an employee is limited to two main questions: (I) Were the procedural requirements of the statutes and regulations complied with; and (II) was the action of the department officials arbitrary or capricious or not supported by substantial evidence.

This narrow basis of judicial review has been approved in numerous cases.[4] The district judge in the order of dismissal quotes from the case of Taylor v. United States Civil Service Commission, 374 F.2d 466 (C.A. 9, 1967), a clear statement of this limitation. The *Taylor* case involved the discharge of an employee because of a similar act.

The case of Scott v. Macy, 121 U.S. App.D.C. 205, 349 F.2d 182 (1965), cited by appellant, is clearly distinguishable. In that case there had been no employment. The question there was whether the plaintiff should be denied the right to be placed on the eligible list, where an agency could in its discretion consider him for an employment. In addition, in the *Scott* case there was only a vague charge of immoral conduct. In the instant case the charge was specific. Appellant Vigil complains that he was not informed of his right to counsel in the trial in the police court in Denver, June 12, 1965. No appeal was taken from that judgment, and that judgment is not a direct issue here. The facts that became known by that arrest and the consequent publicity probably triggered the investigation, and the facts brought out in the investigation formed the basis of further hearings and dismissal. The court action was of a penal nature. But the issue here is not in essence a criminal action, but an effort to learn on investigation by the department whether the employee's conduct as evidenced by the conviction and other definite circumstances had been such that he should be dismissed for the good of the service.

■ It is clear from the record that the applicable statutory and procedural requirements have been complied with step by step. There is no plausible basis in the record for finding that the Postal officials acted arbitrarily or capriciously. They carefully complied with the requirements as to investigation, hearings and appeals.

■ The issue of whether the action of the Postal officials is supported by any substantial evidence has necessitated an examination of the record but only for the purpose of finding whether there in any substantial evidence to support the conclusion of those who have the responsibility of determining whether an employee should be dismissed for the good of the service. The Post Office regulations prescribe an employee may be discharged who engages in "[i]nfamous, immoral, or notoriously disgraceful conduct."[5]

At the hearing both policemen testified that when they approached the car, the appellant and another male were in the back seat of a parked automobile on the street at 2:30 a. m. with their trousers down to their ankles. The defense was not a denial but a plea that appellant was too drunk to know what was going on. There was evidence that appellant's I.Q. measured only 78 on the Wechsler scale.

There is a reason for limiting a judicial review of the day-to-day operations of a Department of government. The Post Office Department is a far-flung

---

4. Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29, 32 (1957); Seebach v. Cullen, 9 Cir., 338 F.2d 663, cert. denied 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed. 2d 268 (1964). See also 5 U.S.C. § 554 (a) (2) (Supp. II). Eberlein v. United States, 53 Ct.Cl. 466 (1918), aff'd 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140 (1921);

Culligan v. United States, 107 Ct.Cl. 222 (1946), cert. denied 330 U.S. 848, 67 S.Ct. 1092, 91 L.Ed. 1292 (1947); Steele v. United States, 150 Ct.Cl. 47, 49 (1960). See also Davis v. Berzak, 405 F.2d 642 (10th Cir. Jan. 3, 1969).

5. Postal Manual 717.311(c).

organization. It serves practically every man, woman and child in the Nation. The commerce of the country uses its facilities daily. The daily life of the Nation is woven into the fabric of its continued operation. It has the responsibility of complying with the safeguards provided for the protection of the rights of the employees and at the same time to operate in such a way as to retain the confidence and respect of the people of the country. The solving of the day-to-day problems of a great business organization calls for both skill and business experience. Yet the discretion of making these determinations must be placed somewhere, either within or without the organization.

In these circumstances we do not find that the facts of this record, or the law applicable thereto, would justify this court in substituting its judgment for that of those who have been clothed with the primary responsibility.

The judgment of the district court is affirmed.

LEWIS, Circuit Judge (concurring).

I concur and wish only to add my subjective emphasis to the fact that appellant was dismissed because of his conviction on a specific criminal charge and not because of his personal sexual habits.