**Arthur C. COOPER, Appellant,**

v.

**The UNITED STATES of America et al.,**
**Appellees.**

**No. 347-70.**

United States Court of Appeals,
Tenth Circuit.

May 12, 1971.

Dragan D. Petroff, Oklahoma City, Okl., for appellant.

Raymond D. Battocchi, Atty., Dept. of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., William R. Burkett, U. S. Atty., and Robert V. Zener, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for appellees.

Before HILL and McWILLIAMS, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

This is an appeal from the lower court's order dismissing the appellant's complaint against the defendants upon the grounds that the administrative action of which he complained was not in excess of administrative power in the matter nor an abuse of discretion nor arbitrary and capricious.

Appellant is a discharged employee of the Civil Service. He was removed from his position as warehouseman at Tinker Air Force Base in April of 1968 for falsification of production records. A hearing was demanded, and he and his authorized union representative appeared before an examiner who upheld the removal decision.

Appellant was notified of this decision on July 11, 1968. Due to an insufficient address on this notice, the representative did not receive it until July 18, 1968. The notice stated that the decision could be appealed either to the Secretary of the Air Force or to the Civil Service Commission, but any appeal

would have to be submitted within fifteen days from receipt of the notice.

On July 31, 1968, the representative wrote to the Civil Service Appeals Examiner, requesting an extension of time in which to perfect an appeal for Cooper and stating that, due to illness and temporary duty out of town, he had not yet been able to prepare the appeal for Cooper.

The reply to this request stated that any appeal was untimely, inasmuch as more than fifteen days had elapsed since appellant's notification of the decision and requested, before deciding whether to accept the appeal, a detailed explanation as to why the regional Civil Service office had not been contacted within the time period.

In response to this request, appellant submitted a letter in which he stated that, while he had known at the time of receipt that his representative was out of town, he expected him back within a few days and, because appellant was taking college examinations, was depending upon the representative to handle the appeal for him. He further wrote that, unknown to him, the representative was delayed in returning, that the representative did not receive his notice until July 18, 1968, and that appellant thought the fifteen day appeal limitation ran from this latter date.

These representations were found by the regional office to be an insufficient basis for the acceptance by it of a late appeal. In denying a late appeal, the regional office pointed out that appellant knew his representative was out of town when he received his notice, so that he had not shown any circumstances that precluded him from filing within the established time limit.

This decision was appealed to the Board of Appeals and Review. In his letter submitting Cooper's appeal, the representative stated that he knew nothing further to add to the record. The Board affirmed the decision of the regional office on October 7, 1968, finding that the failure to file a timely appeal was not occasioned by circumstances beyond appellant's control.

The complaint for declaratory relief and for judicial review pursuant to 5 U.S.C. § 706 were then filed in the court below, and it ultimately dismissed the action, declining to find that the refusal to accept the late filing was in any respect improper or that there had been an exceeding of administrative powers within the purview of 5 U.S.C. § 706.

We agree. There is no showing in the record that appellant was precluded by circumstances beyond his control from contacting the regional office within the period from July 11, 1968, to July 26, 1968, and the present attempt to rely on a different regulation giving him fifteen days from the date of receipt of notice by the representative is neither timely nor meritorious. See 5 C.F.R. §§ 752.202 (f), .203(b). The record does not reflect that the agency was arbitrary or capricious in denying an untimely appeal. Vigil v. Post Office Dept., 406 F.2d 921 (10th Cir. 1969).

There are a number of other issues raised on appeal, none of which are substantial, and no discussion of these is required.

Affirmed.