400 F.2d 87
 Leora J. BISHOP, Appellant,
v.
William F. McKEE, Administrator of Federal Aviation Agency;
John W. Macy, Jr., Commissioner, Civil Service Commission;
L. J. Andolsek, Commissioner, Civil Service Commission;
Robert E. Hampton, Commissioner, Civil Service Commission;
and the United States of America, Appellees.
 No. 9545.
 United States Court of Appeals Tenth Circuit.
 Aug. 26, 1968.
 
 Leora J. Bishop, pro se.
 Robert L. Berry, Asst. U.S. Atty. (B. Andrew Potter, U.S. Atty., was with him on the brief), for appellees.
 Before MILLER, Senior Circuit Judge,* and LEWIS and SETH, Circuit judges.
 DAVID T. LEWIS, Circuit Judge.
 
 
 1
 Appellant, in 1966, was discharged and removed from civil service status as a civilian employee in the Aeronautical Center Medical Clinic of the Federal Aviation Agency at Oklahoma City. After termination of administrative proceedings she filed this action in the District Court for the Western District of Oklahoma and now appeals pro se from an adverse summary judgment entered by that court.
 
 
 2
 This case has been presented to us with the complete sincerity of one who believes she has been victimized by her fellow employees and agency superiors and with the typical broad scope of complaint that accompanies lack of legal expertise. From our examination of the voluminous record we find three issues that can survive within the jurisdictional limitations accorded judicial review in this court:
 
 
 3
 Did the Agency substantially comply with all required procedural steps in effectuating appellant's removal? See Bailey v. Macy, 10 Cir., 378 F.2d 1021; Seebach v. Cullen, 9 Cir., 338 F.2d 663, cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268; Brown v. Zuckert, 7 Cir., 349 F.2d 461, cert. denied, 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486.
 
 
 4
 Was appellant improperly denied a constitutional right to examine her accusers?
 
 
 5
 Was the Agency action in imposing the remedy of removal so harsh as to reflect only caprice in view of the total circumstances?
 
 
 6
 We can find nothing in this record to indicate that the action against appellant did not follow the required and regulatory steps provided in such cases. Mrs. Bishop was served notice of the Agency's proposed action in compliance with 5 C.F.R. 752.202 and the proceedings developed with regularity to termination by decision of the Board of Appeals and Review in Washington. And although the application of somewhat comparable procedures has been considered[1] and held[2] to have prohibited constitutional overtones we can find no authority that the procedures contain an inherent denial of due process. However, we must note that these procedures have allowed appellant, accused of being a gossip, to have been found guilty of that charge through the legal gossip of affidavits and the ex parte statements of persons taken in interview by Security Officers. Although we feel bound to view this anomaly as not amounting to a constitutional prohibition we offer it no affirmative confort.
 
 
 7
 At the hearing conducted by an examiner for the Regional Office (Dallas) appellant was confronted by and cross-examined witnesses produced by the Agency. By letter addressed to the Chief of Personnel Relations at the Aeronautical Center appellant had requested that nine other employees of the Center be made available as witnesses at the hearing. At such time (1964) the applicable regulation provided:
 
 
 8
 'An appellant is entitled to appear at the hearing on his appeal personally or through or accompanied by his representative. The agency is also entitled to participate in the hearing. Both parties are entitled to produce witnesses but as the Commission is not authorized to subpoena witnesses the parties are required to make their own arrangements for the appearance of witnesses.' 5 C.F.R. 772.305(c).
 
 
 9
 The requested witnesses did not appear but there is nothing here to indicate that appellant made any subjective attempt to obtain their presence. Such was her initial burden under the regulation. Williams v. Zuckert (on rehearing), 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136.
 
 
 10
 Finally, pointing to her prolonged and excellent record for competency as a civil servant, appellant contends that she should have been reassigned within rather than discharged from the service. The remedy necessary to promote the efficiency of the civil service is a matter peculiarly and necessarily within the discretion of the Civil Service and cannot be disturbed on judicial review absent exceptional circumstances not here present. Studemeyer v. Macy, 116 U.S.App.D.C. 120, 321 F.2d 386.
 
 
 11
 Affirmed.
 
 
 
 *
 Of the District of Columbia Circuit, sitting by designation
 
 
 [1]
 Mr. Justice Douglas, dissenting in Williams v. Zuckert, 371 U.S. 531, 533-536, 83 S.Ct. 403, 9 L.Ed.2d 486
 
 
 [2]
 Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed. 1012