Donald A. McGHEE, Appellant,

v.

James E. JOHNSON, L. J. Andolsek, Robert E. Hampton and Winton J. Blount,, Appellees.

No. 165–69.

United States Court of Appeals Tenth Circuit.

Dec. 4, 1969.

Rehearing Denied Jan. 29, 1970.

446

Jack N. Ferguson, El Paso, Tex., for appellant.

Ronald R. Glancz, Dept. of Justice, Wash., D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., and Robert V. Zener, Dept. of Justice, Washington, D. C., were with him on the brief) for appellees.

Before MURRAH, Chief Judge, and LEWIS and HOLLOWAY, Circuit Judges.

LEWIS, Circuit Judge.

Appellant McGhee contests the entry of summary judgment for defendant-appellees against his motion by the United States District Court for the District of New Mexico whereby the court upheld his 1966 removal as Postmaster of the Lordsburg, New Mexico Post Office. McGhee, a veterans-preference eligible, brought this action against the United States Civil Service Commissioners and Postmaster General for judicial review of his discharge, 5 U.S.C. § 701, and prayed for a declaratory judgment, 28 U.S.C. § 2201, establishing the nullity of his removal and entitlement to forfeited back pay and allowances, 5 U.S.C. § 5596, or, alternatively, the remand of his cause to the Civil Service Commission for a hearing and investigation. McGhee also sought a writ of mandamus compelling defendants to reinstate him as postmaster. 28 U.S.C. § 1361.

On appeal McGhee argues that the removal was not supported by substantial evidence and was arbitrary, capricious, and an abuse of discretion and that the Commission failed to substantially comply with the statutes and regulations governing removal proceedings.[1] The

1. 5 U.S.C. §§ 7501, 7512; 5 C.F.R. §§ 752.104, 752.201 et seq., 772.305 et seq. These statutes and regulations describe a procedure whereby an employee shall be discharged only for such cause as will promote the efficiency of the service, shall

court below ruled against McGhee on both theories, and we conclude that entry of summary judgment for appellees must be affirmed.

 Initially, McGhee has misconceived the review of an executive removal proceeding afforded by a federal court. Since the decision to remove is a matter within agency discretion, *see* 5 U.S.C. § 7512; Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822, 830, a federal court cannot reevaluate evidence in support of removal, but probes for arbitrary or capricious action or abuse of discretion. *See* Bishop v. McKee, 10 Cir., 400 F.2d 87, 88. Under this analysis the record of McGhee's removal proceedings reveals neither caprice in the grounds for removal nor a failure of substantial compliance with the controlling procedural requisites. Vigil v. Post Office, 10 Cir., 406 F.2d 921, 924; Davis v. Berzak, 10 Cir., 405 F.2d 642, 644.

McGhee had been severed from his position after two removal proceedings. In 1964 he was admonished for deficiencies by letter dated September 30 from the Director of Postmasters and Rural Appointments Division, Bureau of Operations; he responded by letter and advised that the conditions complained of had been rectified. A second letter of admonishment was sent to McGhee on March 16, 1964. Thereafter, on December 8, 9, and 11, 1964, two Postal Inspectors visited the Lordsburg Post Office, and McGhee was advised by letter dated December 15 of 30 procedural irregularities disclosed by their inspection.[2] A letter of charges was then filed by one of the inspectors on January 26, 1965, stating as grounds for removal the 30 irregularities specified in the December letter and the September and March admonishments, elements of his past record. McGhee replied to the charges, but was advised on May 5, 1965, by letter from the Director that the removal had been sustained. On appeal to the Denver Region of the Civil Service Commission, the Appeals Examiner upset the removal for procedural deficiencies because the past disciplinary action used as grounds for removal—the two admonishments—revealed neither opportunity to contest the admonishments or have them reviewed by an authority other than that which imposed them. The 1964 notices were thus canceled.

The subject notice of the instant action was issued by the Department on July 16, 1966. This letter of charges, again signed by one inspector, substantially reiterated the former, including as grounds for removal the 30 irregularities noted in the December, 1964 inspection and only the September 30, 1964 admonition to which McGhee had replied. McGhee was advised of his right to reply in person or by letter. After appellant had responded to the amended charges, the Director, Division of Postmasters, Post Office Changes and Rural Appointments on September 22, 1966, sustained the first charge as unrefuted and ordered

have 30 days advance notice specifically detailing the reasons for the proposed action, shall be allowed a reasonable time to answer the charges, shall have his answer considered by the deciding official, shall be promptly advised in writing by that official of the Department's final decision, and shall have recourse to Civil Service Commission appellate procedures by right.

On appeal of the Department determination to the Civil Service Commission, the employee shall have the right to a hearing, shall be notified in writing of the hearing examiner's decision, and shall have the right to appeal to the Civil Service Commission's Board of Appeals and Review, which shall review the record of the proceedings and presentations on appeal and issue a written decision.

Although McGhee asserts denial of procedural due process throughout the Departmental and Commission appellate processes, we address only his substantiated challenges.

2. One irregularity was recurrent from a July 10–11, 1964 inspection. The 30 included 12 financial, 7 mail-handling, 1 employee-management relations, and 10 general administration. The enumerated irregularities were the subject of a conference between the inspectors and McGhee during the Christmas inspection.

McGhee's removal. In this communication McGhee was apprised that he had appellate rights before the Post Office Department and Civil Service Commission, that his election to appeal to the Commission would foreclose a Post Office appeal, and that he was entitled to a hearing at his request. By letter dated November 1, 1966, McGhee waived hearing and gave notice of appeal to the Commission, which on December 13, 1966, ruled that the amended notice had stated all charges with specificity, that the failure of both inspectors to sign the letter of charges was not fatal error, that use of deficiencies occurring more than two years before the proposed adverse action was not precluded by statute or regulation, and that the 1965 appeal was not res judicata on the merits. As the court below found, the Commission incorrectly determined that McGhee had not specifically denied or contested the deficiencies, but the Commission concluded that although some of the 30 irregularities involved "minor technical errors," their number and the fact that 12 pertained to financial operations precluded a finding that McGhee's removal was arbitrary and would not promote the efficiency of the service.

After securing a delay until April to make his presentation to the Civil Service Commission Board of Appeals and Review, McGhee was advised by decision dated May 1, 1967 that the Board concurred in the findings of the Denver Region that the removal was for cause and that applicable procedural requirements had been fulfilled.

■ McGhee advances numerous theories for judicial relief, none of which is persuasive that entry of summary judgment for appellees was improper. He was apprised of the 30 irregularities in detail, and the Director informed McGhee of the basis for Commission action by referring to them and the appended admonishment. Although the Denver Region and Board of Appeals erroneously stated that McGhee had not replied thereto, the court below concluded that the removal was nonetheless substantially supported, and we agree. McGhee also argues that his past record was improperly used as a basis for removal. However, the record comports with 5 C.F.R. §§ 752.202–.203, by indicating the opportunity to reply to both the letter of charges and admonishment, which he had once answered, and the opportunity for review on the merits of charges, including the admonishment. McGhee also contends that he was denied official time within which to present his appeal, although 5 C.F.R. §§ 771.209, 771.212(a) (3) make such provision only when the agency appeals system is elected and McGhee proceeded through the Civil Service Commission.

■ Appellant further contests the removal on the ground that the Regional Director who decided the 1964 removal proceedings similarly participated in the second action; however, the Director was reversed before on procedural grounds, and no bar to his subsequent authority was advanced by McGhee. He asserts that the evidence adduced in support of his removal consisted of unsworn ex parte statements taken by the investigators, see Bishop v. McKee, supra, which, if accurate, does not mitigate against the financial deficiencies relied on by the administrative appellate decisions upheld by the lower court as the basis for sustaining removal. Finally, McGhee has pressed before the Denver Region, the Board of Appeals, and court below a case of political conspiracy to oust him. Both administrative opinions justifiably found that no prima facie case of political cause had been made out, primarily because McGhee offered no evidence linking the removal proceedings with the political acrimony to which he was subjected in Lordsburg.

Affirmed.