Anderson **CHARLES**, Plaintiff-Appellant,

v.

Winton M. **BLOUNT**, Postmaster General of the United States, Defendant-Appellee.

No. 18256.

United States Court of Appeals, Seventh Circuit.

Aug. 7, 1970.

Franklin M. Lazarus and Francis P. Butler, Chicago, Ill., for plaintiff-appellant.

Robert V. Zener, U. S. Dept. of Justice, Patricia Baptiste, Atty., Washington, D. C., William J. Bauer, U. S. Atty., Chicago, Ill., William D. Ruckelshaus, Asst. Atty. Gen., Thomas A. Foran, U. S. Atty., Washington, D. C., for appellee.

Before MURRAH, Senior Circuit Judge,[1] and KILEY and CUMMINGS, Circuit Judges.

MURRAH, Senior Circuit Judge.

Charles, an employee of the main post office in Chicago, Illinois, was demoted by administrative action from foreman to distribution clerk. The demotion was based on a finding that he had (1) repeatedly failed to obey orders and willfully disregarded established policy in the administration of the leave program and (2) failed to administer that program with due regard for the needs of the service.

After the exhaustion of all available administrative remedies, Charles instituted the present proceedings in the District Court seeking judicial review of his demotion. The gravamen of the complaint was that Charles had been denied his fundamental right of cross-examination at the administrative hearing; that denial of that right tainted the fairness of the hearing and thus vitiated the demotion. Moreover, Charles asserted that the evidence produced at the hearing was insufficient to sustain the second charge. The prayer of the complaint was that the hearing be reopened to permit cross-examination of a hearsay witness. The trial court granted the government's motion for summary judgment "because there has been no denial of the plaintiff's right of cross-examination."

■ In cases of this kind judicial review is limited to the inquiry whether the administrative proceedings which resulted in the employee's discharge or demotion conformed to the requirements of administrative due process, *i. e.*, whether the employee was accorded a fair and open hearing on articulated charges with the right of confrontation and cross-examination. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 82 L.Ed. 1129; Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377; Brown v. Zuckert, 349 F.2d 461 (7th Cir. 1965), cert. denied 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486; McGhee v. Johnson, 420 F.2d 445 (10th Cir. 1969).

The essential elements of this species of due process are admittedly embodied in regulations which specifically provide for a hearing with the right of confrontation and cross-examination. See 5 C.F.R. Section 752.201, et seq.; 5 C.F.R. Section 771.209, et seq.; 5 C.F.R. Section 772.305, et seq.; and McGhee v. Johnson, *supra* at note 1. But the applicable regulations permissibly contemplate that each party shall bear the burden of producing witnesses for direct or cross-examination. 5 C.F.R. Section 771.216.[2]

It is undisputed that a witness for the agency quoted a statement made by Laskey, a co-employee of Charles, to the

---

1. Senior Circuit Judge Murrah of the United States Court of Appeals for the Tenth Circuit is sitting by designation.

2. § 771.216 Witnesses.
   (a) Both parties are entitled to produce witnesses.
   (b) The agency shall make its employees available as witnesses before a hearing committee when (1) requested by the committee after consideration of a request by the employee or the agency and (2) it is administratively practicable to comply with the request of the committee.

If the agency determines that it is not administratively practicable to comply with the request of the committee, it shall submit for inclusion in the employee appeal file its written reasons for the declination.

   (c) Employees of the agency are in a duty status during the time they are made available as witnesses.
   (d) The agency shall assure witnesses freedom from restraint, interference, coercion, discrimination, or reprisal in presenting their testimony.

effect that Charles had handed him improperly approved leave requests. That testimony was distinctly relevant to the charge and undoubtedly prejudicial to Charles. But at no time during the administrative hearing did Charles or his representative ask that Laskey be produced for confrontation and cross-examination. On judicial review, it is urged for the first time that the failure to request the production of Laskey could and should be excused and the hearing reopened especially since Charles had no reason to anticipate Laskey's prejudicial testimony.

It is true as suggested that a litigant's failure to meet the initial burden of producing witnesses for either direct or cross-examination may be excused under certain circumstances. Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed.2d 136. Indeed in informal proceedings of this kind wide latitude should be accorded to the parties in the production of evidence subject of course to the requirements of an orderly hearing. In Williams the case was ultimately remanded to the trial court to determine, " * * * whether the petitioner, desiring the presence of witnesses at his hearing, either discharged his initial burden under the applicable regulations by making timely and sufficient attempt to obtain their presence or, under the circumstances and without fault of his own, was justified in failing to make such attempt, and, if so, whether proper or timely demand was made upon the [agency] so that it was required to produce such witnesses for cross-examination." Williams, supra at 765, 83 S.Ct. at 1102.

But unlike Williams the record in our case affirmatively shows that during the entire administrative hearing Charles did not request that Laskey be produced for cross-examination. This inaction at the administrative level may very well have led the trial court to conclude that Charles had not timely asserted the right of cross-examination as required by Williams. In any event, we think that the trial court's decision was fully justified in the circumstances. The judgment is affirmed.

Judgment affirmed.