435 F.2d 1286
 10 Fair Empl.Prac.Cas. 447, 3 Empl. Prac.
Dec. P 8069
Jack ROSENMAN, Appellant,
v.
Norman LEVBARG, Postmaster, Lakewood Post Office, Winton
Blount, Postmaster General of the United States.
 No. 18700.
 United States Court of Appeals, Third Circuit.
 Argued Oct. 20, 1970.
Decided Dec. 30, 1970.
 
 Jack Rosenman, pro se.
 James B. Smith, Asst. U.S. Atty., Newark, N.J., Frederick B. Lacey, U.S. Atty., Newark, N.J., for appellees; Thomas J. Alworth, Asst. U.S. Atty., on the brief.
 Before MURRAH,[1] FREEDMAN and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This action in the nature of a mandamus proceeding involves the efforts of Jack Rosenman to compel the Post Office Department to re-employ him in the position of Career Clerk.
 
 
 2
 Rosenman alleged in his Complaint that he had been employed by the Post Office Department, that he had voluntarily terminated the employment and then unsuccessfully sought to be rehired. Given its most liberal construction, Rosenman's allegation seems to be that the Department's refusal to rehire him in his previous position was attributable to the capricious unwillingness of certain supervisors to have him work under them because of his religion and union activities. The District Court ordered the local postmaster to show cause why Rosenman should not be afforded the relief sought and on hearing apparently without testimony dismissed the Complaint 'because plaintiff did not exhaust administrative appeals.' Rosenman appeals contending that he is legally entitled to an evidentiary hearing on the Complaint.
 
 
 3
 On oral argument, the government suggested that the entire proceeding has been rendered moot by the action of the local postmaster in offering Rosenman re-employment subsequent to the District Court's action. Rosenman conceded that he had been offered some type of employment but argued that the proffered position was inferior to a Career Clerkship to which he claims legal entitlement. He reiterated the claim of discrimination and denied that any administrative remedies were available therefor.
 
 
 4
 The sum and substance of these proceedings is to ask us to decide the issues of mootness and exhaustion and remand the case for a hearing on Rosenman's Complaint when we do not know and have no way of ascertaining the true facts. We cannot decide the issues on the disputed statements made in oral argument. And without expressing any view concerning the merit of Rosenman's claim, we remand the case to the District Court for further proceeding.
 
 
 5
 We recognize the long-standing salutary rule that 'the appointment to an official position in the Government, even if it be simply a clerical position, is not a mere ministerial act, but one involving the exercise of judgment', and 'therefore it is one of those acts over which the courts have no general supervisory power.' Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774. See also Batchelor v. United States, 169 Ct.Cl. 180, cert. denied 382 U.S. 870, 86 S.Ct. 147, 15 L.Ed.2d 109; Jason v. Summerfield, 94 A.S.App.D.C. 197, 214 F.2d 273, cert. denied 348 U.S. 840, 75 S.Ct. 48, 99 L.Ed. 662; Gnotta v. United States, 415 F.2d 1271 (8th Cir.), cert. denied 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115; McGhee v. Johnson, 420 F.2d 445 (10th Cir.); Benson v. United States, 421 F.2d 515 (9th Cir.). Only well-founded claims of discrimination in federal employment because of race, color, religion, sex, or national origin, see 42 U.S.C. Sections 2000e-2 and 2000e-5; or union activity, see Executive Order 11491, are cognizable in the courts. And then only to determine whether administrative due process has been accorded to the alleged discriminatee, i.e. whether a fair and open hearing with the right of confrontation and cross-examination was accorded on the discriminatory charges. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 999, 82 L.Ed. 1129; Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; Greene v. McClroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377. See also Charlton v. United States, 412 F.2d 390 (3d Cir.); DeLong v. Hampton, 422 F.2d 21 (3d Cir.); Brown v. Zuckert,349 F.2d 461 (7th Cir.), cert. denied 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486; Davis v. Berzak, 405 F.2d 642 (10th Cir.); McGhee v. Johnson,supra; Charles v. Blount, 430 F.2d 665 (7th Cir.). In any event, the exhaustion of the prescribed administrative remedies is prerequisite to limited judicial review. Coy v. Folsom, 228 F.2d 276 (3d Cir.); United States v. Zmuda, 423 F.2d 757 (3d Cir.); Huling v. United States, 401 F.2d 998, 185 Ct.Cl. 407. See Executive Order 11478, 5 C.F.R. Sections 713.201 through 713,241, with respect to claims of deprivation of civil rights; and see Executive Order 11491 (34 C.F.R. 17605) with respect to claims of discrimination for union activity. No such attempt has been made in this case.
 
 
 6
 On remand, the trial court may consider whether Rosenman has been offered his former position or its equivalent. If so, the matter is of course moot. In the event of a dispute concerning equivalence of the proffered re-employment, the matter must be left to the prescribed administrative proceedings for determination of that issue together with the discriminatory complaint.
 
 
 7
 Order vacated and remanded.
 
 
 
 [1]
 Senior Circuit Judge of the Court of Appeals for the Tenth Circuit, sitting by designation