Ismail Abdel RAZIK

v.

The UNITED STATES.

No. 340–74.

United States Court of Claims.

Nov. 19, 1975.

Benjamin Berman, Silver Spring, Md., attorney of record, for plaintiff.

Russell W. Koskinen, Washington, D. C., with whom was Asst. Atty. Gen. Rex E. Lee, for defendant.

Before COWEN, Chief Judge, DURFEE, Senior Judge, and SKELTON, Judge.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

DURFEE, Senior Judge:

In this appeal we are asked to review the process by which plaintiff was removed from his career Civil Service position. Plaintiff, by way of motion for summary judgment, challenges only the how, and not the why, of his removal, and seeks back pay and position restoration. Defendant's cross-motion for summary judgment denies the existence of any procedural errors in plaintiff's removal, and seeks sustentation of the various administrative appellate decisions uniformly upholding plaintiff's removal.

As we are in agreement with defendant's position, its cross-motion for summary judgment is granted; plaintiff's motion is denied, and his petition dismissed.

Ismail A. Razik entered the Federal Civil Service in November 1967 as a Grade GS–10 Writer-Editor in the Publications Division of the United States Information Agency (hereafter USIA or Agency). He subsequently advanced to Grade GS–11 in 1969, received career tenure in 1970, and advanced again to Grade GS–12 in 1971. By change of occupation code, plaintiff was reclassified as a Foreign Information Specialist, Grade GS–12, in the Press and Publications Service, Publications Division, al-Majal Magazine Branch of the USIA in 1973.

Plaintiff's involvement in several disruptive incidents between September 1972 and May 1973 prompted the USIA to propose removal of plaintiff from his position. The Agency notified plaintiff on August 3, 1973 of its proposed action. The Agency's notice of proposed removal specifically charged plaintiff with "repeated uncooperative, obstructive insubordinate behavior and intemperate language." This notice detailed specific incidents supportive of the Agency's charges, and advised plaintiff of his appeal rights. Plaintiff responded in writing to the Agency's letter of charges on August 13, 1973. In his reply, plaintiff largely admitted the occurrence of the events leading to the Agency's proposed removal of plaintiff. In his written response, plaintiff offered mitigating explanations of his actions, and requested the USIA to reconsider and abandon its removal proposal. On August 21, 1973, the Agency notified plaintiff that, after full consideration of the written response, the Agency considered that its charges were supported by the evidence and warranted plaintiff's removal. The Agency's letter set September 7, 1973 as the effective date of plaintiff's removal, and again advised plaintiff of his appeal rights. Following receipt of this letter, plaintiff initiated an intra-agency appeal, and requested a hearing. The USIA afforded plaintiff an evidentiary-type hearing before a qualified State Department Hearing Examiner, and extended plaintiff's removal date.

In a letter report to the Agency the Hearing Examiner found "the Govern-

ment's arguments convincing and supportive of the charges" and "recommended that the Agency proceed to remove Mr. Razik from his position." In assessing the Agency's case against plaintiff, the Hearing Examiner broke down the Agency's charge of "repeated uncooperative, obstructive insubordinate behavior and intemperate language" to:

"Charge 1—Uncooperative and Obstructive behavior.

\* \* \* \* \* \*

Charge 2—Insubordinate behavior.

\* \* \* \* \* \*

Charge 3—Intemperate language.

\* \* \* \* \* \* "

Under each of the enumerated charges the Hearing Examiner cited evidence from the hearing record supportive of the charges. As to plaintiff's case, the Examiner saw "no reason, cultural or other for [plaintiff's] subsequent thoroughly immature behavior."

In addition to recommending that the Agency proceed with plaintiff's removal, the Hearing Examiner went on to make two further recommendations. The Examiner recommended that the Agency retroactively grant plaintiff a within-grade increase previously withheld, and repay plaintiff for a previous three-day suspension. The Hearing Examiner recommended these latter two courses of action to undo what the Examiner considered to be overriding procedural flaws in the Agency's execution of those disciplinary measures. Neither the denial of the within-grade increase nor the suspension were facts relied on by the Agency to substantiate its removal case against plaintiff.

The USIA's Deputy Director accepted the Examiner's removal recommendation, and notified plaintiff by letter on December 6, 1973 of his removal, effective at the close of business on the following day to promote the efficiency of the Federal service. The Agency's Deputy Director disregarded the Hearing Examiner's latter two recommendations because, as he informed plaintiff:

[The Hearing Examiner's] duties under Sections 771.209 and 771.213 of the regulations are limited solely to matters relating to the Agency's decision to remove you from your position. The denial of your within-grade [increase] and your three-day suspension are not "reasons" for your removal, nor are they a part of the present appeal. Accordingly, they cannot, and did not become a part of his conclusions as to the necessity of your removal.

Plaintiff initiated a timely appeal of the USIA's removal decision to the Civil Service Commission's Appeals Examining Office on December 10, 1973. That office on review of the Agency's decision, while not sustaining in all respects the elements of the USIA's charges, found that the Agency had complied with the procedural requirements of the law and the regulations in effecting plaintiff's removal, and that the Agency's removal action was based on sustained charges, and was not arbitrary, unreasonable or capricious.

Plaintiff pursued a further appeal of the Civil Service Commission's Appeals Examining Office's decision to the Civil Service Commission's Appeals Review Board. On careful review of the entire record, that Board, while disagreeing with some of the Hearing Examiner's actions in the case, and some of the Appeals Examining Office's review conclusions, concurred with the Appeals Examining Office's determination that the Agency had complied with all mandatory procedural requirements in effecting plaintiff's removal, and affirmed the Appeals Examining Office's determination that plaintiff's removal was for such cause as would promote the efficiency of the Federal service.

Plaintiff brought a timely appeal to this court for review of the administrative actions culminating in his removal from the Federal service. In pressing his appeal, plaintiff contends that his re-

moval is invalid on two broad grounds. Plaintiff argues *one*, that the USIA's failure to follow both Civil Service Commission and its own regulations, invalidates his removal. *Second*, plaintiff asserts that the various review decisions upholding his removal were arbitrary, unwarranted and capricious as to nullify his removal. Under these two charges, plaintiff lists six specific procedural errors.

Plaintiff's prime argument is that the USIA's Deputy Director violated certain personnel regulations in making the appellate decision accepting the Hearing Examiner's removal recommendation, but disregarding the Examiner's other two recommendations. For this argument, plaintiff relies on Civil Service Commission Regulation section 771.219 (5 C.F.R. 771.219 (1973)), and section 566.5 of the USIA's Manual of Operations and Administration.

Civil Service Commission Regulation section 771.219 specifies:

Sec. 771.219 Appellate decision. (a) When a hearing was not held before the appellate decision, the authorized official shall consider the appeal file and make an appellate decision on the basis thereof. (b) When a hearing was held before the appellate decision, the authorized official shall accept the examiner's recommendations and issue the appellate decision, except that:

(1) If the head of the agency is to decide the appeal, he shall consider the appeal file and make the appellate decision on the basis thereof.

(2) If the authorized official desires to take a less severe action than that recommended by the examiner, he shall make the appellate decision accordingly, without regard to the examiner's recommendation.

(3) *If the authorized official determines that the examiner's recommendations are unacceptable, he shall transmit the appeal file with a specific statement of the basis for that determination to a higher level of authori-*

*ty, designated by the agency, for decision.* [Emphasis added].

\*   \*   \*   \*   \*   \*

Section 566.5(b)(2) of the USIA Manual of Operations and Administration designates the Agency's Deputy Director as the authorized official to make the appellate decision under Civil Service Commission Regulation section 771.219. Section 566.5 of the USIA Manual of Operations and Administration provides:

566.5 *Appellate Decision Process and Time Standards in Event of Deputy Director's Absence* —If the Deputy Director is not in Washington when the appeals examiner completes his report, it will be submitted to the Director. The Director:

a. Makes the appellate review and decision in accordance with 771.218 and 771.219(b)(1) of the Regulations, or

b. In accordance with Section 771.-218(a) of the Regulations, designates an Agency official to make the appellate review and decision.

(1). The designated official makes the appellate review and, within ten calendar days following the date he receives the appeals examiner's report, makes the appellate decision or refers the appeal to the Director in accordance with Section 771.219(b)(3) of the Regulations.

(2). *The Director decides an appeal referred to him under section 771.-219(b)(3) of the Regulations within ten calendar days of the date that he receives the appeal file.* [Emphasis added].

Plaintiff maintains that the USIA Deputy Director's action in accepting only the Examiner's removal recommendation, violated the above regulations. Plaintiff contends that since the Deputy Director rejected two of the Examiner's recommendations he was required to submit the proposed agency removal action to the USIA Director for decision, and the Director was required to render an appellate decision within ten days.

The failure of the USIA's top management personnel to comply with these regulations, plaintiff argues, invalidates his removal. Plaintiff correctly asserts that an agency's failure to abide by personnel regulations in adverse personnel actions will invalidate any action taken. *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957). However, in our view the USIA Deputy Director's appellate decision to implement the Hearing Examiner's recommendation to remove plaintiff while rejecting the Examiner's additional recommendations, transgressed neither the letter nor the spirit of the applicable personnel regulations. *Conn v. United States*, 376 F.2d 878, 180 Ct.Cl. 120 (1967).

Section 771.219 of the Civil Service Commission Regulations guides the processes by which an agency effectuates serious adverse disciplinary actions against a Federal employee. Section 771.202 of the same regulations limits the applicability of the section 771.219 requirement to only the serious disciplinary actions of removal, suspension of more than thirty days, furlough without pay and reduction in rank or pay. Section 771.219 requires that when, after consideration and written report by a qualified impartial hearing examiner on an agency's proposed adverse personnel action, the authorized agency official who is to make the implementing appellate decision on that action disagrees with the examiner's recommendations, that official must forward the appeal file with an explanation of his disagreement to a higher authority for decision. The theoretical and practical reasons for such a procedure are obvious.

The hearing examiner's written recommendations and findings regarding a serious adverse agency personnel action are submitted after a hearing comporting with all essential due process protections and the hearing examiner's consideration of all the arguments and evidence presented by the parties. Recommendations borne of such labor are not lightly to be disregarded. The requirement that an authorized agency official, below the top level of agency management, cannot take action contrary to an examiner's considered and justified recommendations, assures the subject of proposed serious disciplinary action thorough and reasoned attention of his case, and guarantees the integrity of a merit civil service. This requirement also assures that the recommendations and conclusions of an impartial hearing examiner formulated after hearing and consideration of the parties' respective cases cannot be vitiated by an agency official biased by involvement in the agency's presentation of its adverse personnel action against an employee. The vitalness and necessity of such a requirement are readily apparent.

Civil Service Commission Regulation section 771.219 requires, as a protection to a Federal employee subject to serious adverse disciplinary action, that the agency-authorized official either accept the hearing examiner's reason-supported recommendations as to the agency's, proposed disciplinary action or articulate his objections, and submit the action to a higher level for decision. This section does not require that the authorized agency official agree with *any* recommendation a hearing examiner may include in his report.

In presenting its case against plaintiff to the Hearing Examiner, the Agency sought to test only the validity of its proposed removal determination. In the presentation of its case to the Hearing Examiner, the Agency did not seek to test the validity of its prior actions in withholding plaintiff's within-grade increase or plaintiff's three-day suspension. Nor was plaintiff in opposing the Agency's proposed removal action, appealing the validity of these prior disciplinary actions. The Agency's letter of charges, the Examiner's letter report and the hearing transcript amply indicate that the Hearing Examiner's assignment was the assessment of the Agency's case for proposed removal of plaintiff. Only the Hearing Examiner's recommendations on this issue are subject to the requirements

of Civil Service Regulations section 771.-219. Both of the other matters which the Hearing Examiner chose to comment on in his recommendation letter were extraneous to this removal issue. The fact that the Examiner set out his recommendations on these matters as separate enumerated parts of his report rather than include them as part of his removal recommendation, demonstrates that the Examiner considered them separate and apart from the removal issue.

Both the Hearing Examiner and the USIA Deputy Director were engaged in a process to decide on plaintiff's removal, and not the correctness of the Agency's actions regarding the within-grade increase or suspension. The requirements of section 771.219 of the Civil Service Regulations apply only to the Agency's chief action—plaintiff's removal. The Hearing Examiner's additional recommendations, unrelated to this chief issue, were in effect gratuitous advice to the Agency to which the requirements of section 771.219 are inapplicable. Further, section 771.202 of the Civil Service Regulations does not even subject the Agency actions of withholding within-grade increases or three-day suspensions to the requirements of section 771.219.

As the Hearing Examiner's two additional recommendations were unrelated to his assignment, assessment of the Agency's case for plaintiff's removal, the USIA Deputy Director committed no procedural error in excluding these from the case and, as the Agency Deputy Director agreed with the Hearing Examiner's removal recommendation, he was under no compulsion to submit the appeal for decision at a higher level. The court has carefully considered all of the cases listed *seriatim* in plaintiff's brief without pointed analysis, and finds none of them cogently supportive of plaintiff's position.

■ Plaintiff's second specification of error concerns the Hearing Examiner's refinement of the Agency's charge against plaintiff. Plaintiff asserts that the Examiner's recasting of the Agency's single "broad-brush" charge against plaintiff contained in the Agency's letter of charges to the three enumerated charges set forth in the Examiner's recommendation letter, denied plaintiff "a fair, objective and impartial evaluation by the hearing officer of the Agency's case against him." *Pltf's Mo. p. 4.*

The Civil Service Commission's Appeals Review Board agreed, albeit without explanation, with plaintiff's contention that the Hearing Examiner in his recommendation letter improperly broke down and reconstructed the Agency's charge as set forth in the Agency's letter of charges. However, the Board could find no prejudicial error adverse to plaintiff in this action. We concur in this view.

The Agency's single sentence charge against plaintiff descriptively capsulizes with adequate specificity the events detailed in its charge letter as justifying the Agency's proposed removal action. The Agency's letter of charges sets out with sufficient specificity the events for which the Agency proposed to remove plaintiff. It was these events specified by the Agency rather than the summary charge that the Examiner considered in assessing the Agency's case against plaintiff.

While the Hearing Examiner broke down the Agency's single charge against plaintiff the Examiner did consider each of the events cited by the Agency in support of its proposed removal action.

In assessing the Agency's case for plaintiff's removal, the Hearing Examiner sustained the same charges of misconduct that were contained in the Agency's letter of charges to plaintiff. The Examiner's report recommending plaintiff's removal dealt with each of the events relied on by the Agency as justifying plaintiff's removal, and neither prejudicially changed the Agency's charges nor recommended removal on different charges than those contained in the Agency's letter of charges.

■ Deviations between an agency's putative charges for proposed adverse

personnel actions and the grounds advanced by a hearing examiner as supportive of the adverse personnel action, are not to be cavalierly tolerated, and often flag a procedurally improper personnel action.

In this case, however, the record is clear that plaintiff was removed on substantiation of the same charges of misconduct as set forth in the USIA's letter of proposed removal. As such, it cannot be said that the Hearing Examiner's restructuring of the Agency's charges in his report recommending removal either prejudiced plaintiff, or constituted reversible procedural error sufficient to warrant reversal of the Agency's removal action.

█ In two separate arguments, plaintiff accused both the Hearing Examiner and the USIA Deputy Director of arbitrary, unwarranted and capricious conduct in not considering a less severe penalty than removal. Plaintiff's argument is that as the Hearing Examiner made two recommendations in plaintiff's favor, *viz.:* retroactive payment of plaintiff's previously withheld within-grade increase and restoration of suspension pay, plaintiff is thus less guilty than originally charged, and should have received a less severe penalty than removal. In raising this argument, plaintiff mistakenly asserts that the Hearing Examiner's two recommendations in plaintiff's favor "washed out" of the record part of the Agency's case against plaintiff. In point of fact, however, neither the Hearing Examiner in making his removal recommendation nor the USIA Deputy Director in accepting that recommendation relied on the facts that plaintiff was denied a within-grade increase or suspended as grounds warranting plaintiff's removal.

In presenting its removal case against plaintiff, the Agency did not rely on the fact that plaintiff had been denied a within-grade increase or the fact that plaintiff had been suspended as reasons justifying plaintiff's removal. Hence, the Hearing Examiner's recommenda-

tions that these actions be rectified only because of possible procedural errors did not diminish the Agency's removal case against plaintiff in any respect.

As the Hearing Examiner, in his recommendation letter, sustained all of the Agency's removal charges and rejected none, his actions in not considering a lesser penalty than removal, cannot be said to be arbitrary, unwarranted or capricious. Likewise, the USIA Deputy Director's acceptance of the Hearing Examiner's removal recommendation on the strength of the Examiner's letter report cannot be considered arbitrary, unwarranted or capricious. Plaintiff's accusations of reversible error conduct on the part of the Hearing Examiner and USIA Deputy Director are based on an erroneous premise and must, for this reason, fail.

█ Even if the error in plaintiff's above arguments were not so patent, plaintiff's failure to present these arguments to Civil Service Commission's Appeals Review Board, would preclude the court from sustaining them on appeal. *Haynes v. United States*, 418 F.2d 1380, 190 Ct.Cl. 9 (1969).

█ As his fifth alleged procedural error, plaintiff complains that the USIA's action in summarily issuing a warning letter to plaintiff for his action in transmitting to the President a telegram critical of his superiors, denied plaintiff due process of law. The Agency relied on this event as one of the items supporting one of the elements of its removal charge against plaintiff. The Hearing Examiner sustained this part of the Agency's removal charge. On review, however, the Civil Service Commission's Appeals Examining Office refused to sustain this part of the Agency's charge against plaintiff. The Civil Service Commission's Appeals Review Board affirmed this position.

Plaintiff understandably supports the decisions of the Civil Service Commission's review bodies in not sustaining this part of the Agency's removal charge. However, plaintiff contends

that the Agency's failure to accord plaintiff a hearing before issuing its warning letter, constitutes reversible error invalidating his removal. We find this position untenable.

As the Civil Service Commission's top review body vindicated plaintiff's right to petition the President for redress of grievances, and thereby blocked any possible disciplinary action on account of plaintiff's action, plaintiff has suffered no harm on account of his telegram.

Absent evidence that plaintiff has been aggrieved by Agency disciplinary action on account of his telegram to the President, plaintiff has suffered no redressable harm, and the Agency's action in failing to grant plaintiff a hearing before issuing its warning letter does not constitute error sufficient to warrant reversal of plaintiff's removal.

Finally, plaintiff attacks the decision of both the Civil Service Commission's Appeals Examining Office and Appeals Review Board as arbitrary, unwarranted and capricious. Plaintiff's only basis for this charge is that these bodies condoned the alleged procedural errors discussed above. As the court could find no merit on individual consideration of plaintiff's preceding five specifications of procedural error, this last catch-all cumulative error argument must likewise be dismissed as meritless.

Since the administrative removal proceedings against plaintiff were free of procedural defects, and the decision to remove plaintiff was not arbitrary, unwarranted or capricious, plaintiff is not entitled to recover.

Defendant's cross-motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied, and his petition is dismissed.