**John J. BRUZZONE, Plaintiff,**

v.

**Robert HAMPTON, Chairman, United States Civil Service Commission, James Johnson, Vice Chairman, United States Civil Service Commission, L. J. Andolsek, Commissioner, United States Civil Service Commission, the United States Civil Service Commission, William Berzak, Chairman, and all members of the United States Civil Service Commission Appeals Review Board, Wayne B. Colburn, Director, United States Marshal Service, and the United States Marshal Service, Defendants.**

**No. 75 Civ. 205.**

United States District Court,
S. D. New York.

May 5, 1977.

Winer, Neuburger & Sive, New York City, for plaintiff, Daniel Riesel, Mark A. Chertok, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Nathaniel L. Gerber, Asst. U. S. Atty., New York City, for defendants; Gerald M. Auerbach, Associate Legal Counsel, U. S. Marshal Service, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff and defendants have cross-moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In the alternative, defendants move for dismissal of the complaint on jurisdictional grounds pursuant to Rule 12(b), Fed. R.Civ.P.

Plaintiff John Bruzzone is a former Deputy United States Marshal. Defendant Hampton is the Chairman of the United States Civil Service Commission (the "Commission"). Also named as defendants are the Commission and several of its other officers, the United States Marshals Service (the "Service") and its Director. Bruzzone seeks a declaratory judgment that his removal from the Service was a nullity, an order directing his reinstatement, and an award of back pay and other damages for his wrongful removal.

*Factual Background*

Bruzzone served as a deputy marshal in the Southern District of New York from April 1968 until June 22, 1973. The events which led up to his removal from the Service can be summarized as follows: In August 1972 a report came to the attention of the Service alleging that while Bruzzone was assigned to protect a government witness named Fred Goodman on August 3rd and 4th, 1972, he and Goodman had picked up a prostitute and taken her to Goodman's motel room for the purpose of having sexual relations. On September 1, 1972, following a report from an investigator for the Service, the Personnel Officer for the Service gave notice to Bruzzone that his removal was being proposed on the grounds that he (1) had conducted himself in a manner unbecoming a deputy marshal and (2) had failed to properly protect a government witness. Following a Service administrative hearing, the Service hearing officer found that the Service had sustained its burden of proof on both grounds. By letter dated June 11, 1973, the Director of the Service notified Bruzzone that he would be removed from the Service on June 22, 1973.

Bruzzone was a "preference eligible employee," 5 U.S.C. § 7511, and was therefore entitled to a hearing within the Service, an appeal to the Department of Justice, a *de novo* hearing before the Commission and an appeal to the Appeals and Review Board of the Commission. Bruzzone pursued each of these remedies and his removal was sustained. Accordingly, Bruzzone has exhausted his administrative remedies.

On January 15, 1975 Bruzzone instituted this action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, seeking to have the Court review his removal. In moving for summary judgment Bruzzone asserts that he is entitled to relief as a matter of law on the grounds: (1) that the decision to remove him was arbitrary and capricious and not supported by substantial evidence; (2) that the decision of the Appeals and Review Board of the Commission substantially altered the grounds for his removal and thereby rendered his removal

arbitrary and capricious; (3) that the Service failed to comply with its procedures for disciplinary action; (4) that the Service failed to produce Goodman as a witness at the *de novo* hearing before the Commission; and (5) that the Director of the Service lacked authority to remove him.

Defendants move for summary judgment on the ground that the Service's decision to remove Bruzzone was not arbitrary or capricious and was supported by substantial evidence. Defendants deny each of the contentions asserted by Bruzzone. Defendants alternatively move to dismiss the complaint on jurisdictional grounds.

### Discussion

### 1. Jurisdiction

Defendants contend that this Court lacks jurisdiction over Bruzzone's claim for back pay and damages on the ground that this claim falls within the exclusive jurisdiction of the Court of Claims under the Tucker Act, as amended, 28 U.S.C. §§ 1346 and 1491. For this reason defendants urge the Court to decline jurisdiction as well over the claims for a declaratory judgment and reinstatement so that the entire action can be resolved in a single forum, viz., the Court of Claims. Defendants point to a 1972 amendment to section 1491 which empowers the Court of Claims to grant declaratory relief and to issue orders of reinstatement where these are incidental to a claim for monetary relief within the Court of Claims' jurisdiction.

Bruzzone asserts that this Court has jurisdiction of all of his claims under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and the general federal question provision, 28 U.S.C. § 1331. If the Court should find that it lacks jurisdiction over his claim for back pay, Bruzzone requests that it consider his claims for non-monetary relief, contending that he would be prejudiced by having these claims transferred to the Court of Claims.

With respect to Bruzzone's claim for back pay, jurisdiction must be determined by reference to the Tucker Act, 28 U.S.C. §§ 1346 and 1491, since the Administrative Procedure Act does not constitute an independent basis of jurisdiction, *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Section 1491 gives the Court of Claims jurisdiction of all monetary claims against the United States (apart from those involving tort); section 1346, subdivision (a)(2), gives the district court jurisdiction concurrent with the Court of Claims of claims against the United States not exceeding $10,000. Since Bruzzone states in his complaint that he is seeking back pay and other damages in the amount of $75,000, it is apparent that this Court lacks jurisdiction over the back pay claim.

With respect to the claims for non-monetary relief, this Court has jurisdiction to provide relief pursuant to the Administrative Procedure Act under the general federal question provision, 28 U.S.C. § 1331. *See Chaudoin v. Atkinson,* 494 F.2d 1323 (3d Cir. 1974). The Court of Claims also has jurisdiction of these claims under the 1972 amendment to section 1491. Section 1491, as amended in 1972, provides in relevant part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

Defendants view this 1972 amendment as reflecting Congressional intent that this action should be determined in a single proceeding before the Court of Claims. Defendants contend that if this Court determined the non-monetary claims, its decision would bind the Court of Claims under principles of res judicata and collateral estoppel, thus interfering with the jurisdiction of the

Court of Claims to determine claims against the United States in excess of $10,000.

In *Melvin v. Laird*, 365 F.Supp. 511 (E.D.N.Y.1973), Judge Weinstein considered the effect of the 1972 amendment to section 1491 and concluded that it was intended to enable claimants to obtain complete relief in the Court of Claims *"if they so desired"* (emphasis in original) and was not intended to restrict the district court's jurisdiction. 365 F.Supp. at 518. Since Bruzzone has requested this Court to determine the non-monetary claims, it will do so.

### 2. Merits

The Court finds that the Service's decision to remove Bruzzone was not arbitrary or capricious, and was supported by substantial evidence. *See* 5 U.S.C. § 706. In support of the first ground for the Service's decision, that Bruzzone had engaged in conduct unbecoming a deputy marshal, the evidence in the record establishes that Bruzzone permitted a prostitute to enter the vehicle that he was driving, took her to Goodman's motel room, displayed his marshal's credentials to her, and told her that he and Goodman were detectives and that she would not be arrested if she cooperated with them. In support of the second ground, that Bruzzone had failed to properly protect a government witness, the evidence in the record establishes that he allowed an unauthorized person, the prostitute, to enter into a place where a government witness was being protected, in violation of Service regulations of which Bruzzone was aware or should have been aware.

The Court does not agree that the Commission's Appeals and Review Board substantially altered the grounds of Bruzzone's removal thereby making it arbitrary and capricious. A reading of the Appeals and Review Board's decision makes clear that the Board's decision rested on the same two grounds for removal which were originally asserted by the Service and which were found to be justified by the Service hearing officer and the Commission's Appeals Examiner. The Appeals and Review Board merely indicated another fact supporting the action taken by the Service. Moreover, the severity of the punishment imposed is a matter within the discretion of the Service and the Commission. *See Dozier v. United States*, 473 F.2d 866 (5th Cir. 1973); *Bishop v. McKee*, 400 F.2d 87 (10th Cir. 1968).

The Court also finds that Bruzzone was removed pursuant to applicable procedures for disciplinary action established by the Service. Although Marshal Ferrandina was not consulted prior to Bruzzone's removal (see memorandum dated April 6, 1972, issued by the Director of the Service), there was substantial compliance with the procedures established by the Service. *See American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 538–39, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). Moreover, any prejudice to Bruzzone resulting from the Service's failure to consult Marshal Ferrandina prior to Bruzzone's removal was effectively remedied by the Marshal's testimony at the Commission hearing, which was a *de novo* hearing. *See Van Teslaar v. Bender*, 365 F.Supp. 1007, 1010 (D.Md.1973) ("The mere fact that the charges were brought against the plaintiff when there was the possibility, however remote, that no charges would have been brought if plaintiff had been afforded the opportunity to tell his story before a decision had been made . . . does not constitute 'substantial prejudice' ").

Plaintiff's contention that he was deprived of his rights to confrontation and to a *de novo* hearing before the Commission by the Service's failure to produce Goodman at the Commission hearing does not appear to have been raised by Bruzzone in his appeal to the Appeals and Review Board. Accordingly, he is precluded from raising this claim in this Court. *Razik v. United States*, 525 F.2d 1028 (Ct.Cl.1975); *Haynes v. United States*, 418 F.2d 1380, 190 Ct.Cl. 9 (1969). In any event, since Goodman was not an employee of the Service or under the control of the Service, the Commission regulation relied on by Bruzzone, 5 CFR 772.305(c)(2), is not applicable. Furthermore,

Bruzzone was not denied his right to confront Goodman in the course of the removal proceedings since Goodman did testify at the Service hearing and was subjected to cross-examination by counsel for Bruzzone at that time.

■ Finally, the Court concludes that the Director's removal of Bruzzone was not in excess of his authority. Although section 562 of Title 28 of the United States Code provides that "[e]ach deputy marshal is subject to removal by the marshal pursuant to civil-service regulations", there is nothing to suggest that the Marshal's power to remove a deputy marshal is exclusive. On the contrary, the Attorney General of the United States is expressly vested with '[a]ll functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice" with certain limited exceptions not relevant here. 28 U.S.C. § 509. Since the Attorney General would thus have the power to perform the functions of the Marshal, and since Bruzzone concedes that this authority has been delegated to the Director of the Service under applicable regulations, the Director clearly had the requisite authority to order Bruzzone's removal.

For the foregoing reasons defendants' motion for summary judgment dismissing the complaint is granted, without prejudice to Bruzzone's instituting an action in the Court of Claims for back pay or other money damages.

Settle judgment on notice.